```
Keny C Paine II
George C. Paine, II
US Bankruptcy Judge
Dated: 12/01/08
```



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

In Re:                                )
JERRY LEE SEXTON,                     )      CASE NO. 08-02166
                                      )      CHAPTER 13
Debtor                                )      JUDGE GEORGE C. PAINE, II
                                      )

## MEMORANDUM

This matter is before the court on the Standing Chapter 13 Trustee's Motion for an Order authorizing disbursement of funds to the debtors pursuant to 11 U.S.C. § 105 and §1326(a). The United States Attorney's Office's, on behalf of its agency, the Department of Health and Human Services, objected to the motion based on a continuing writ of garnishment served on the trustee in the debtors' names pursuant to 28 U.S.C. § 3205 directing the trustee to pay the money to the United States as a creditor. For the reasons cited herein, the court GRANTS the trustee's motion to disburse the funds to the debtor.

Jerry and Deborah Sexton ("the Debtors") filed a joint Chapter 13 petition on March 14, 2008. The debtors voluntarily dismissed their Chapter 13 case on July 28, 2008, prior to confirmation of their Chapter 13 plan. The Trustee is holding $3,808.39 paid to the chapter 13 trustee by the debtors. On July 30, 2008, the Trustee received from the US Attorney's Office in the Eastern District of Kentucky two Writs of Continuing Garnishment issued by the United States District Court for the Eastern District of Kentucky, Central Division – Lexington, Civil No. 01-23-KSF

and 01-24-KSF, which relate to a pre-petition garnishments against Debtor, Jerry Sexton for $28,485.63 and Gail Sexton for $134,823.84 computed through July 30, 2008. The trustee responded to both Writs of Continuing Garnishment, indicating that the Trustee was in possession of funds belonging to the joint debtors and had requested instruction from the bankruptcy court as to the appropriate disposition of the funds.

On August 11 2008, the Chapter 13 trustee filed the present "Motion for Order Authorizing Trustee to Disburse Funds to Debtors Pursuant to 11 U.S.C. §§ 105 and 1326(a)." The trustee contends that under section 1326(a), the court must order disbursement of the funds to the debtor:

§ 1326. Payments

(a) (1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount—

(A) proposed by the plan to the trustee;

(B) scheduled in a lease of personal property directly to the lessor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment; and

(C) that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment.

(2) A payment made under paragraph (1)(A) shall be

> retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503 (b).

11 U.S.C. § 1326(a) (2008). Under the trustee's argument, section 1326(a)(2) mandates the result by the "shall" language requiring return of funds to the debtor unless one of the two, limited, statutory exceptions apply. Return of funds to the debtors means that all creditors can pursue collection outside of bankruptcy placing all parties in as close to pre-filing status quo as possible had the bankruptcy not been filed. Further, the trustee argues, public policy is served by: (1) not penalizing debtors who attempt a chapter 13 but fail; (2) facilitation of the conclusion of unconfirmed chapter 13 cases avoiding a race to the trustee; and (3) consistency within the bankruptcy code which provides for, upon dismissal, the "revesting" of property of the estate in the entity holding such property when the case was filed. **In re Davis,** 2004 WL 3310531 at * 2 (citing Lawrence P. King, *Collier on Bankruptcy* ¶ 349.01[2], at 349-3 (15th ed. Rev. 2003)).

The chapter 13 trustee cites numerous cases holding that § 1326 requires disbursement of the funds to the debtor. **See e.g., In re Inyamah,** 378 B.R. 183 (Bankr. S.D. Ohio 2007)(holding that § 1326 requires the return of funds to the debtor); **In re Oliver,** 222 B.R. 272 (Bankr. E.D. Va. 1998) (holding "the language of the statute is clear [that] the trustee shall return any undistributed funds to the debtor . . . and all of the debtor's creditors are entitled to pursue collection through state court proceedings); **In re Walter**, 199 B.R.390 (Bankr. C.D. Ill. 1996); **Smith v. Strickland,** 178 B.R. 524 (Bankr. M.D. Fla. 1995); **In re Bailey,** 330 B.R. 775 (Bankr. D. Or. 2005).

The US Attorney argues that all of the cases relied upon by the chapter 13 trustee relate to state court levies or garnishments, but because this is a federal garnishment issued pursuant to the Federal Debt Collection Procedures Act (28 U.S.C. §§ 3001308) ("FDCPA") that both the bankruptcy code and the FDCPA must be reconciled to give both statutes effect. The U.S. Attorney cites several decisions where courts required the chapter 13 trustee to honor a federal levy or garnishment. **See e.g., In re Pruitt,** 2008 WL 2079145 (Bankr. M.D. Ala., May 15, 2008) (distinguishing between a state versus federal statute and a federal versus federal statute and holding that where federal tax levy statute and bankruptcy code were in conflict, the court must harmonize statutes which resulted in turning over funds to IRS); **In re Beam**, 192 F.3d 941 (9th Cir. 1999) (holding tax levy statute requires funds disbursed to IRS because IRS statute identifies property exempt from levy which does not include funds paid into a chapter 13 plan); **In re Brown**, 280 B.R. 231 (Bankr. E.D. Wisc. 2002) (same, citing **Beam**). The US Attorney agrees that under 1326(a)(2) the trustee does not make distributions to creditors when a plan has not been confirmed, notwithstanding the creditors' state law rights in the funds held by the trustee. However, when a federal statute is involved, as here, the court must reconcile the meanings of both statute and give such effect. According to the U.S. Attorney, in this case, the reconciling results in disbursement of the money to the United States.

The Supreme Court has explained that in interpreting a statute a court should always turn first to one, cardinal canon before all others: "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" **Connecticut Nat'l Bank v. Germain**, 503 U.S. 249, 253-54, 117 L. Ed. 2d 391,

4-U.S. Bankruptcy Court, M.D. Tenn.

Case 2:08-bk-02166   Doc 77   Filed 12/01/08   Entered 12/01/08 14:30:06   Desc Main
Document      Page 4 of 6

112 S. Ct. 1146 (1992) (citations omitted). Although recently the Sixth Circuit Bankruptcy Appellate Panel ("BAP") has brought into question literal statutory interpretation,[1] this court finds that 1326(a)(2)'s "shall" means "shall." **See Union Bank v. Wolas,** 502 U.S. 151, 158, 116 L. Ed. 2d 514, 112 S. Ct. 527 (1991) (holding "[t]he fact that Congress may not have foreseen all of the consequences of a statutory enactment is not a sufficient reason for refusing to give effect to its plain meaning.").

The court's ruling does not place federal statutes at odds, because the ruling does no more than return the parties to the near status quo had bankruptcy not been filed allowing the United States to pursue the debtors outside of bankruptcy. **See In re Imyamah**, 378 B.R.183, 185 (Bankr. S.D. Ohio 2007); **In re Weitzman**, 381 B.R. 874, 884 (Bankr.N.D. Ill. 2008) ("The bankruptcy purpose implicated in this matter is that when an unconfirmed chapter 13 case is dismissed, the debtor and competing creditors are placed in the same positions they were in prior to the filing of the case"). Moreover, the writs of continuing garnishment are not extinguished by the trustee's return of the funds to the debtors. **See e.g., In re Clifford**, 182 B.R. 229, 231 (Bankr. E.D. Ill. 1995) (holding state levy created a lien on the funds that "follows the funds into the hands of the Debtor" and that the "lien continues to be imposed thereon until the total amount due is paid by the Debtor.").

The court adopts the reasoning of **In re Inyamah** persuasive:
> While there are some decisions that suggest that section 1326(a)(2) is somehow qualified or limited by the fact that upon dismissal funds revest in debtors and are not subject to the stay

---

[1] **See in re Petro,** 395 B.R. 369 (6th Cir. BAP, 2008) (holding statutory amendments to the Bankruptcy Code should be read in the context of its remedial purpose).

5-U.S. Bankruptcy Court, M.D. Tenn.

provisions, they are not persuasive. **Massachusetts v. Pappalardo (In re Steenstra)**, 307 B.R. 732, 738-741 (1st Cir. BAP 2004); **In re Doherty**, 229 B.R. 461, 465-467 (Bankr. E.D. Wash.1999); **In re Mishler, Jr.**, 223 B.R. 17, 20 (Bankr .M.D. Fla.1998); **In re Schlapper**, 195 B.R. 805, 806 (Bankr. M.D.Fla. 1996). Further, this Court does not find persuasive the theory, that in order to harmonize sections 349(b)(3), 362(c)(2)(B) and 1326(a)(2) of the Code, the funds are returnable to debtors but subject to any statutory liens. **In re Clifford**, 182 B.R. 229, 231-233 (Bankr. N.D.Ill. 1995).

The better view is expressed in other decisions that focus on the facts that the plain and unambiguous language of section 1326(a)(2) specifically governs the disposition of chapter 13 plan payments, and that it clearly provides that the funds, minus adequate protection payments and administrative claims, should be returned to debtors. In re Davis, 2004 WL 3310531 (Bankr. M.D. Ala. 2004); **In re Oliver**, 222 B.R. 272, 274-275 (Bankr. E.D.Va. 1998); **In re Walter**, 199 B.R. 390, 393 (Bankr. C.D.Ill. 1996); **In re Bailey**, 330 B.R. 775, 776-777 (Bankr. D.Or. 2005).

As expressed by the Court in **In re Davis**, the language of section 1326(a)(2) is clear and unambiguous. In such instances, courts are required to follow the principle of statutory construction that dictates adhering to the plain meaning of statutes unless doing so renders an outcome contrary to congressional intent. **In re Davis**, **citing United States v. Ron Pair Enterprises, Inc.**, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). As noted by the In re Davis court, returning the funds to debtors accomplishes three statutory purposes: (1) when plans fail allowing creditors to seize debtors' funds would be in conflict with the policy of encouraging chapter 13 filings; (2) return of the funds to debtors allows for the prompt closing of the estate by precluding conflicting efforts of creditors to gain access to funds held by chapter 13 trustees; and (3) returning funds to debtors fosters the concept of revesting upon dismissal by placing the funds in their hands thereby restoring all parties to their original positions.

**Imyamah**, 378 B.R. at 185.

Therefore, for all the reasons cited herein, the court GRANTS the chapter 13 trustee's motion to disburse the $3,808.39 to the debtors pursuant to 11 U.S.C. § 1326(a)(2). The trustee shall prepare and submit an Order not inconsistent with this Memorandum Opinion within ten (10) days of entry of the Memorandum.

**THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.